IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONEY JOE LUSTY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-06-1055-T |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Giving Petitioner, a *pro se* prisoner, the benefit of the prison mailbox rule,[1] the Court accepts as timely his Objection to Magistrate's Report and Recommendation, which was filed November 13, 2006, but contains a certificate of mailing dated November 3, 2006.

Judge Purcell first recommends denial of Petitioner's motion to proceed *in forma pauperis* because he "has sufficient financial resources to pay the $5.00 filing fee." (Report at 1.) With Petitioner's Objection, he has tendered payment in this amount for his filing fee. Therefore, the Court adopts Judge Purcell's recommendation to deny *in forma pauperis* status.

Judge Purcell also recommends dismissal for lack of jurisdiction of Petitioner's "Application for Extraordinary Writ of Appeal from Adverse Ruling of the Oklahoma Appellate Court of

---

[1] *See Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005).

Criminal Appeals." Liberally construing this *pro se* pleading, and noting Petitioner has previously sought habeas relief from his state court conviction, Judge Purcell treats the Application as a petition for a writ of mandamus directed to state officials. So construed, Judge Purcell finds such relief is unavailable from federal courts. (Report at 1-2 & n.1.) Judge Purcell is absolutely correct on this point. *See Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) ("Federal courts have no authority to issue a writ of mandamus to a state judge.")

Petitioner objects to Judge Purcell's construction of his pleading. Petitioner asserts that he intends precisely what the Application says – to appeal an adverse ruling by the Oklahoma Court of Criminal Appeals in order to overturn an unconstitutional decision by the state's highest court with regard to a criminal matter. The Court accepts Petitioner's characterization of his pleading but nevertheless finds the recommended disposition to be correct. The law is clear that this Court lacks jurisdiction to reverse a state court ruling:

> A federal district court does not have the authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court. 28 U.S.C. § 1257 (1982). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 1314-15, 75 L. Ed. 2d 206 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486, 103 S. Ct. at 1317.

*Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986). Therefore, the Court adopts Judge Purcell's recommendation of dismissal for lack of jurisdiction.

For these reasons, the Court adopts the Report and Recommendation [Doc. 6] as modified by this Order. Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 5] is DENIED. The "Application for Extraordinary Writ of Appeal from Adverse Ruling of the Oklahoma Appellate

Court of Criminal Appeals" [Doc. 1] is DISMISSED for lack of subject matter jurisdiction. Judgment will be entered accordingly.

    IT IS SO ORDERED this 16th day of November, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE